## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EVERETT CAMERON DIAZ,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DISMISSING ACTION<br><br>Case No. 2:25CV00058 DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Petitioner Everett Cameron Diaz's ("Mr. Diaz") Motion to Vacate Sentence under 28 U.S.C. § 2255. Mr. Diaz is currently serving a 37-month sentence after pleading guilty to possessing a firearm and ammunition while subject to a protective order, in violation of 18 U.S.C. § 922(g)(8). He now seeks to vacate his conviction, arguing that his "lawyer did not research [his] case," and that he "should not [lose]" his "Amendment Rights" based on a preexisting "protective order." ECF No. 1.

First, Mr. Diaz has failed to state a valid ineffective-assistance claim. His non-specific allegation about his attorney's lack of "research" cannot overcome the "strong presumption" that his attorney provided reasonable professional assistance, *Boyle v. McKune*, 544 F.3d 1132, 1138 (10th Cir. 2008), particularly in light of the "highly deferential" standard of review that applies to counsel's performance. *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009). Nor does Mr. Diaz make any effort to allege—as he must—that "the outcome of the plea process would have been different" with competent representation. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). His "general conclusory allegations of ineffective assistance of counsel" do not entitle him to any relief, and "impose no obligation on the district court to conduct an evidentiary hearing." *United States v. Hall*, 746 F. App'x 773, 776 (10th Cir. 2018).

Next, to the extent that Mr. Diaz challenges his conviction under the Second Amendment, his claim is insufficiently presented, waived, procedurally defaulted, and meritless. First, his "[c]onclusory allegations without supporting facts are insufficient to support a claim raised under § 2255." *Chavarin v. United States*, No. 2:20-CV-00605-DBB, 2021 WL 3511099, at *2 (D. Utah Aug. 10, 2021), *aff'd*, No. 21-4105, 2023 WL 2706696 (10th Cir. Mar. 30, 2023) (citing *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994)).  Moreover, Mr. Diaz procedurally defaulted this Second Amendment issue. As a general rule, a defendant who "fails to raise an issue on direct appeal . . . is barred from raising it in a § 2255 motion." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (quotations omitted). Mr. Diaz did not file any direct appeal, so he can raise a Second Amendment challenge in his § 2225 motion only if he can show (1) "cause excusing his procedural default and actual prejudice resulting from the errors of which he complains" or (2) "that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.*; *see also United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) ("A § 2255 motion is not intended as a substitute for an appeal. . . . Consequently[,] failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review." (internal quotation marks omitted)). "This rule applies even where the defendant has waived his right to appeal." *United States v. Majid*, 196 Fed. Appx. 685, 686 (10th Cir. 2006) (unpublished) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). Mr. Diaz's petition, even liberally read, makes no attempt to show any ground for overcoming the procedural bar.

Additionally, Mr. Diaz waived his collateral-attack rights. *See* Statement in Adv. of Plea, Crim. Doc. 71 at 5 ¶ 12(d)(2), (4).[1] Courts in the Tenth Circuit apply a three-part test to determine if a waiver is enforceable: "(1) whether the disputed [claim] falls within the scope of the waiver of [§ 2255] rights; (2) whether the defendant knowingly and voluntarily waived his [§ 2255] rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.'" *United States v. Viera*, 674 F.3d 1214, 1217 (10th

---

[1] Mr. Diaz's underlying criminal case is Case No. 2:23cr00240.

Cir. 2012) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (first brackets in original)); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (applying *Hahn's* three-part test to a collateral attack proceeding). All three parts are satisfied in this case.

First, the claim falls within the scope of Diaz's collateral-attack waiver. As in *Viera*, the waiver provision in Mr. Diaz's plea agreement "not only . . . waives his rights to collaterally attack but expressly names § 2255 motions as waived." 674 F.3d at 1217; *see* Statement in Adv. of Plea, Crim. Doc. 71 at 5, ¶ 12(d)(2). The provision makes clear that the word "'sentence' appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including but not limited to . . . the imposition of imprisonment." *Id.* ¶ 12(d)(4). Mr. Diaz's waiver unambiguously includes his right to challenge his sentence under § 2255 "except on the issue of ineffective assistance of counsel." *Id.* ¶ 12(d)(2). As noted above, Mr. Diaz's perfunctory ineffectiveness claim fails for other reasons; any issue that is separate from his ineffectiveness claim falls squarely within the scope of the waiver.

Second, during Mr. Diaz's change-of-plea hearing, this court found that Mr. Diaz pled guilty to the Second Superseding Indictment "freely and voluntarily with full knowledge of his leg rights and the consequences of entering the plea." *See* Minute Entry, Crim. Doc. 70. In his plea agreement, Mr. Diaz represented that his decision to enter the plea "was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea." Statement in Advance of Plea, Crim. Doc. 71 at 8 ¶ 7. Mr. Diaz further stated that he had "no mental reservations concerning the plea," and was not "under the influence of any drugs, medication, or intoxicants" "when [he] made the decision to enter the plea." *Id.* at 8, ¶¶ 7-8. And the waiver provision states—and Mr. Diaz agreed—that he "knowingly, voluntarily, and expressly waive[d his] right to challenge [his] sentence . . . in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255." *Id.* ¶ 12(d)(2).

And third, enforcing Mr. Diaz's waiver will not result in a miscarriage of justice. "[A] miscarriage of justice through enforcement of a waiver occurs only in one of four situations: [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Viera*, 674 F.3d at 1219 (quotations omitted). None of those situations applies here. Mr. Diaz, who bears the burden on this issue, has made no attempt to argue otherwise.

Finally, even if Mr. Diaz were able to surmount these procedural obstacles, his claim—liberally construed to assert that § 922(g)(8) somehow violates the Second Amendment—would fail on the merits. The Supreme Court held just last year that § 922(g)(8)(C)(i)—which prohibits firearm possession by any individual who is subject to a court order that "includes a finding that [such person] represents a credible threat to the physical safety" of an intimate partner—does not facially violate the Second Amendment. *See generally United States v. Rahimi*, 602 U.S. 680 (2024). The Court identified "two distinct legal regimes" that justified the provision: surety laws, which "authorized magistrates to require individuals suspected of future misbehavior to post a bond," *id.* at 694-95, and "going armed" laws, which "prohibited 'riding or going armed, with dangerous or unusual weapons, to terrify the good people of the land,'" *id.* at 697 (brackets and quotation marks omitted).

The Court explained that, "[t]aken together, the surety and going armed laws confirm what common sense suggests: When an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed." *Id.* at 698. The Court also held that § 922(g)(8) was constitutional as applied to Rahimi because the restraining order to which he was subject included a finding that he posed "a credible threat to the physical safety" of another. *Id.* at 688-89, 701.

The same is true in this case. As Mr. Diaz admitted in his plea agreement, at the time he possessed the firearms, he knew that he was subject to the same type of protective order. *See*

Statement in Advance of Plea, Crim. Doc. 71 at 1-2. Insofar as Mr. Diaz contends § 922(g)(8) is

unconstitutional, his claim is squarely foreclosed by the United States Supreme Court's decision in

*Rahimi*.

      Accordingly, for all the aforementioned reasons, Mr. Diaz's Motion to Vacate Sentence under 28

U.S.C. § 2255 is DISMISSED.

      DATED this 25th day of March 2025.

                  BY THE COURT:

                  DALE A. KIMBALL
                  United States District Judge